FILED
JUL 24  1 05 PM '00
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINDHAM, Kerry** | CIVIL ACTION |
| **VERSUS** | NO: 00-0421 |
| **LEBLANC, James M., et al** | SECTION: "L"(6) |

### ORDER AND REASONS

Before the Court is Kerry Windham's petition for writ of habeas corpus by a person in state custody, pursuant to Title 28, United State Code, Section 2254. In this application for writ of habeas corpus, petitioner claims his conviction and sentence are unconstitutional because:

(1) There was insufficient evidence to find him to be a fourth felony offender under LSA-R.S. 15:529.1.

(2) The trial court erred in sentencing him to life imprisonment.

(3) During the selection of both grand and petit jury, African Americans were deliberately excluded.

DATE OF ENTRY
JUL 25 2000

(4) The prosecution relied on defective information in proving one element of the crime.

(5) The prosecution's chief witness was unreliable.

(6) Defendant's counsel-on-appeal was ineffective with regard to all of the other errors alleged.[1]

After considering the motion, memorandum, record, law, the state's response, and petitioner's response thereto, the Court finds that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, the petitioner's application must be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

On June 27, 1997, petitioner was convicted in the 24th Judicial District Court, Parish of Jefferson, of attempted simple burglary of a business. The petitioner was sentenced to 6 years at hard labor. Petitioner was later found to be a multiple offender and was sentenced to life without benefit of probation, parole or suspension. On May 27, 1998 the Fifth Circuit Court of Appeals for the State of Louisiana affirmed the conviction (*State v. Windham*, 712 So.2d 1057, La. App. 5th Cir.), but vacated the enhanced sentence on the grounds that the State had not shown adequate proof of conviction on one of the predicate offenses. On remand, March 23, 1999, the petitioner was again sentenced to

---

[1] This last claim is raised for the first time on collateral review in Mr. Windham's "Motion to Traverse" filed in this record. (Rec. Doc. 5).

life without benefits, following the production of sufficient evidence of his conviction on all three predicate offenses. On November 30, 1999, the Louisiana Fifth Circuit affirmed the life sentence. Neither Mr. Windham nor his counsel petitioned the Louisiana Supreme Court for certiorari.

## II. TIME COMPUTATION

An appeal of a state conviction through a federal petition for a writ of habeas corpus is subject to a one year period of limitations. This period begins running on the date on which the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A properly filed applications for state post-conviction relief, however, tolls this limitation period. *See* 28 U.S.C § 2244(d)(2).

In this case, petitioner's conviction was upheld by the Louisiana Court of Appeals for the Fifth Circuit on November 30, 1999. Mr. Windham then had 14 days in which to file an appeal to the Louisiana Supreme Court (*See* La. C. Cr. P. art 922(b)), but he failed to do so. It is unclear whether, under 28 U.S.C. § 2244(d)(1)(A), the petitioner's conviction became final on November 30 or on December 14, 1999 - the latter date being the last day on which Mr. Windham could file a direct appeal. This Court need not take a position on this issue, however, because the petitioner's application is timely by either standard.

III. Analysis

As a general rule, a claim under 28 U.S.C. 2254 may be heard in federal court only after it been exhausted in state court.[2] *See* 28 U.S.C. § 2254(b)(1)(A). To fulfill the exhaustion requirement, a petitioner must present each of his or her claims, in a procedurally proper manner, to the State's court of last resort. *See Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Furthermore, the petitioner must rely on the same factual allegations *and* legal theories as were used in state court. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982). When a federal court is presented with a mixture of exhausted and unexhausted claims, a "mixed petition," it should normally dismiss the entire petition without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982).

In the instant matter the State contends that two of the petitioner's claims have been exhausted, but the rest have not. The Court agrees that a number of petitioner's claims are unexhausted and finds, therefore, that dismissal without prejudice is appropriate. The Court will now explain this finding as it relates to each of petitioner's claims.

A. Insufficient Evidence and Excessive Sentence.

In its answer to the petitioner's application for a writ of

---

[2] 28 U.S.C § 2254(b)(1)(B)(i) & (ii) provide exceptions to the exhaustion requirement where state corrective processes are ineffective or absent.

habeas corpus, the State concedes that Mr. Windham's first two claims have been exhausted in state court and opposes the application on the grounds that the other claims are barred for failure to exhaust. The Court is not convinced that petitioner has in fact met the technical requirements for exhaustion, but the presence of other unexhausted makes a decision on this issue unnecessary.[3]

B. Unconstitutional jury selection

The petitioner's claim of unconstitutional jury selection appeared in state court through a series of pro se motions filed in both Division "L" and Division "F" of the 24th Judicial District, Parish of Jefferson, Louisiana. None of these several motions were heard on their merits as all were filed before the resentencing hearing was held and so were deemed premature.

---

[3] The Court notes that neither the claim of insufficient evidence of predicate offenses, nor the claim of excessive sentence were appealed to the Louisiana Supreme Court after the life sentence was affirmed by the Louisiana Court of Appeals for the Fifth Circuit on November 30, 1999. The former claim was not raised on direct appeal and the latter was appealed only to the state Court of Appeals. Because neither of these claims have been presented to the Louisiana Supreme Court, they might not meet the exhaustion requirement of 28 U.S.C. § 2254(b).
    The Court also notes that both of these claims, as currently presented by the petitioner, appear to be based strictly on state law. Specifically, the claim of insufficient evidence appears to be premised solely on a reading of LSA-R.S. 15:529.1. and the claim of excessive sentence appears to be based solely on provisions in the Louisiana Code and decisions by the Louisiana Supreme Court. Claims based purely on state law are not cognizable in federal court. *See Estelle v. Mcguire,* 502 U.S. 62 at 67-68, 112 S. Ct. 475 at 477.

Because this claim was never raised before any competent state court, it is an unexhausted claim under 28 U.S.C. § 2254(b)(1) and is not cognizable in federal court. *See Rose* at 509, 102 S.Ct. at 1199; *Nobles v. Johnson*, 127 F.3d 309, 419-20 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845 (1998).

C. Defective Information and Unreliable Witness

Mr. Windham's next two claims are that the State failed to prove one element of the crime and that the State's primary witness was unreliable. As with the claim of unconstitutional jury selection, these claims were raised in state court through pro se briefs that were dismissed on procedural grounds. Therefore, this Court finds that these claims are also unexhausted.[4]

D. Ineffective Assistance of Counsel

Petitioner's final claim, ineffective assistance of counsel-on-appeal is first raised in this Court in petitioner's reply to the government's answer. In state court, it appears only once as a bare conclusion of law in a pro se Motion to Quash filed with the state court, District "L", on July 29, 1998. This claim has

---

[4] Mr. Windham seems to be asserting that he was convicted on the basis of insufficient evidence and that the verdict was contrary to the law and evidence. The Court notes that, to establish such a violation of due process under the Fourteenth Amendment, a court must find that no reasonable trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found an essential element of the crime to have been proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).

also never been argued on the merits in any state. Therefore this court finds that this claim is also unexhausted.[5]

### IV. CONCLUSION

For the above-mentioned reasons, petitioner Kerry Windham's application for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 24 day of July, 2000

ELDON E. FALLON
UNITED STATES DISTRICT COURT

---

[5] The standard for assessing a claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel: a convicted defendant seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong. *Id.* at 697; 104 S.Ct. at 2069.